*172 JUSTICE LEAPHART,
dissenting in part and concurring in part.
¶54 I dissent as to the question of whether the District Court properly allowed Robertus to testify regarding a claim for future lost earning capacity. I concur in the Court’s analysis of the other issues.
¶55 Robertus’s actions in the discovery phase of the litigation do not rise to the level of abuse discussed in Richardson v. State, 2006 MT 43, 331 Mont. 231, 130 P.3d 634. Robertus eventually provided responses to Farmers Union’s specific request for supplementation, including information about his new full time job. Contrary to Richardson, Farmers Union did not seek a motion to compel; Robertus did not fail to respond to a court order. Richardson, ¶¶ 7, 13. Farmers Union did not move to seek clarification of Robertus’s answers as it could have under M. R. Civ. P. 37(a)(2), and (3) nor did it ask that discovery be reopened to allow further depositions or ask that the trial be postponed.
¶56 I cannot conclude that the District Court abused its discretion when it allowed Robertus to testify as to future lost earnings despite his late discovery responses. State v. Roedel, 2007 MT 291, ¶ 35, 339 Mont. 489, ¶ 35, 171 P.3d 694, ¶ 35.